# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WARREN JAMAL TURNER,**

    **Petitioner-Defendant,**

v.                                                 **Civil Action No. 2:13-cv-55**
                                                    **Criminal Action No. 2:00-cr-7-4**
                                                      **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

## REPORT AND RECOMMENDATION/OPINION

### I.    INTRODUCTION

On August 12, 2013, Warren Jamal Turner ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 2:13-cv-55, Docket No. 1; Criminal Action No. 2:00-cr-7-4, Docket No. 1352.) Petitioner has also filed two motions to have his sentencing transcripts provided. (Docket Nos. 1354 and 1372.) The undersigned now issues this Report and Recommendation on Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion as untimely.

### II.    FACTS

*A.*    *Conviction and Sentence*

On April 13, 2000, a Grand Jury sitting in the Northern District of West Virginia returned an Indictment in which Petitioner was charged in four (4) counts. (Docket No. 14.) On May 10, 2000, the Grand Jury returned a Superseding Indictment, which again charged Petitioner in four (4)

counts. Namely, Petitioner was charged in Count One with conspiracy to distribute cocaine base; Count Forty-Three with distribution of cocaine base; Count Forty-Five with aiding and abetting assault on an officer; and aiding and abetting the use of a firearm in relation to a drug trafficking offense. A Second Superseding Indictment was returned on August 8, 2000; however, no new counts were added. (Docket No. 203.) On May 1, 2001, the Government filed an Information of Prior Convictions against Petitioner, asserting, pursuant to 21 U.S.C. § 851(a)(1), that Petitioner had "previously been convicted in the Superior Court of Connecticut of sale of narcotics a felony, upon plea of guilty on December 21, 1990." (Docket No. 506.)

On May 11, 2001, following a jury trial, Petitioner was found guilty of all four (4) counts. (Docket No. 520 at 1.) In a Special Interrogatory, the jury found that as to Count Forty-Six, Petitioner had aided and abetted the brandishing of the firearm. (Id. at 2.) In another Special Interrogatory, the jury found that as to Count One, the conspiracy involved fifty (50) or more grams of cocaine base. (Docket No. 524.) On May 24, 2001, Petitioner's counsel filed motions for judgment of acquittal as to Counts One, Forty-Five, and Forty-Six. (Docket Nos. 551, 552, 553.) Those motions were denied by United States District Judge Frederick P. Stamp, Jr. on January 4, 2002. (Docket No. 715.)

Petitioner appeared before Judge Stamp for sentencing on February 19, 2002. Judge Stamp sentenced him to a total of 324 months of incarceration. Petitioner was sentenced to 240 months of incarceration on Count One; 163 months of incarceration on Count Forty-Three, to be served concurrently; 36 months of incarceration on Count Forty-Five, to be served concurrently; and 84 months of incarceration on Count Forty-Six, to be served consecutively. (Docket No. 749.)

**B.** *Direct Appeal*

Petitioner, through counsel, filed his notice of appeal on March 4, 2002. (Docket No. 753.) On appeal, Petitioner argued "there was insufficient evidence to support his conviction for conspiracy and the district court erred in its instructions on conspiracy." United States v. Turner, 47 F. App'x 264, 264 (4th Cir. 2002) (per curiam). The Fourth Circuit rejected Petitioner's claims and affirmed his conviction and sentence. Id. at 265. Petitioner did not file a petitioner for a writ of certiorari to the Supreme Court.

## C. *Federal Habeas Corpus*

In his motion, Petitioner claims that pursuant to the Supreme Court's holding in Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), his prior conviction in the State of Connecticut for sale of narcotics does not qualify as a predicate offense for an enhanced sentence under 21 U.S.C. § 851. (Docket No. 1352 at 4; Docket No. 1352-1 at 1, 6-12.) As relief, Petitioner asks that the Court find his § 2255 motion to be timely, grant his motion, and "issue an order scheduling re-sentencing without the enhancement of his prior conviction." (Docket No. 1352-1 at 12.)

### III. ANALYSIS

A one-year statute of limitations applies to all motions brought pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). As § 2255(f) states, the one-year limitations period begins to run from four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Fourth Circuit has held that notice must be given to a petitioner if the Court intends to dismiss the petitioner's motion as untimely unless the petitioner can demonstrate that the motion is timely filed. See United States v. Sosa, 364 F.3d 507 (4th Cir. 2004); Hill v. Braxton, 277 F.3d 701, 701 (4th Cir. 2002). However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, 364 F.3d at 511; see also Hill, 277 F.3d at 707. Here, Petitioner argues timeliness in his § 2255 motion; accordingly, the undersigned finds that notice pursuant to Hill and Sosa is unnecessary.

Petitioner's § 2255 motion is clearly untimely under § 2255(f)(1). The Supreme Court has held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). The Fourth Circuit affirmed Petitioner's conviction and sentence on October 7, 2002. United States v. Turner, 47 F. App'x 264 (2002). Accordingly, Petitioner had until January 6, 2003 to file a petition for certiorari. He did not, so his one-year limitations period under § 2255(f)(1) began on January 6, 2003 and expired on January 6, 2004. Petitioner did not file his motion under August 12, 2013, almost ten years after the limitations period under this subsection had expired.

Petitioner does not allege (1) that the Government created an impediment to his ability to timely file a § 2255 motion and (2) that his motion is based upon new facts. Accordingly, the undersigned finds that § 2255(f)(2) and (4) are inapplicable to Petitioner's case.

4

In his memorandum of law, Petitioner asserts that his motion is timely under § 2255(f)(3 pursuant to the Supreme Court's decision in Moncrieffe v. Holder, 133 S. Ct. 1678 (2013). (Docket No. 1352-1 at 3-4.) According to Petitioner, Moncrieffe invalidates the Government's Information pursuant to 21 U.S.C. § 851, which stated that Petitioner had previously been convicted of sale of narcotics in the Superior Court of Connecticut. (Docket No. 506.) The undersigned need not consider whether Moncrieffe announced a new right that retroactively applicable on collateral review; however, because Moncrieffe has no bearing on Petitioner's case.

In Moncrieffe, the Supreme Court noted the following:

> The Immigration and Nationality Act (INA) . . . provides that a noncitizen who has been convicted of an "aggravated felony" may be deported from this country. The INA also prohibits the Attorney General from granting discretionary relief from removal to an aggravated felon, no matter how compelling his case. Among the crimes that are classified as aggravated felonies, and thus lead to these harsh consequences, are illicit drug trafficking offenses.

133 S. Ct. at 1682. Accordingly, the Supreme Court granted certiorari to "decide whether this category includes a state criminal statute that extends to the social sharing of a small amount of marijuana." Id. In writing for the majority, Justice Sotomayor states that it does not, explaining: "If a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA." Id. at 1693-94. Under the INA, "illicit trafficking in a controlled substance" qualifies as an aggravated felony. 8 U.S.C. § 1101(a)(43)(B). That aggravated felony, in turn, "encompasses all state offenses that 'proscrib[e] conduct punishable as a felony under [the Controlled Substances Act].'" Id. at 1685 (quoting Lopez v. Gonzales, 549 U.S. 47, 60 (2006)). Accordingly, under the categorical approach, a "state drug offense must been two conditions: It must

5

'necessarily' proscribe conduct that is an offense under the CSA, and the CSA must 'necessarily' proscribe felony punishment for that conduct." Id.

Here, because the Government had filed an Information pursuant to 21 U.S.C. § 851 against Petitioner, his sentence was determined according to 21 U.S.C. § 841(b)(1)(B), which provides that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years." "Felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Unfortunately for Petitioner, "Moncrieffe did not interpret a 'felony drug offense' under § 841(b)(1)(B) and has no application in this case for purposes of determining whether a statutory enhancement was appropriate." Thomas v. United States, Nos. 8:13-CV-215-T-15MAP, 8:07-CR-203-T-27MAP, 2013 WL 4855067, at *8 (M.D. Fla. Sept. 11, 2013). Petitioner's case does not involve an "aggravated felony" under the framework of the INA. See, e.g., United States v. Gallegos, 553 F. App'x 527, 532 (6th Cir. 2014); United States v. Chamul, No. 8:09CR452, 2014 WL 2607821, at *3 (D. Neb. June 11, 2014); Blackmon v. United States, No. 13 Civ. 6797(JSR)(KNF), 2014 WL 2751036, at *4-5 (S.D.N.Y. June 10, 2014); Ferguson v. United States, No. CV413-181, 2014 WL 808087, at *1-2 (S.D. Ga. Feb. 28, 2014); Davis v. United States, Nos. 8:13-CV-1431-T-30TGW, 8:08-CR-413-T-30TGW, 2013 WL 6670489, at *5-6 (M.D. Fla. Dec. 18, 2013); Gastelum v. United States, No. 1:10-CR-00391-LJO, 2013 WL 3166200, at *3-4 (E.D. Cal. June 20, 2013); Young v. United States, No. 12-CV-2168, 2013 WL 2286054, at *5 (C.D. Ill. May

23, 2013); Dumas v. United States, No. 06-20402, 2013 WL 1914329, at *3-5 (E.D. Mich. May 8, 2013). Accordingly, because Moncrieffe is inapplicable to Petitioner's case, he cannot rely on § 2255(f)(3) to make his motion timely. See Blackmon, 2013 WL 2751036, at *6; Gastelum, 2013 WL 3166200, at *4.

Petitioner also appears to argue that he is entitled to equitable tolling of the statute of limitations because his "reasonable diligence must be viewed in light of the profound change in circuit law reflecting illegal enhancements of prior drug convictions." (Docket No. 1352-1 at 4.) According to Petitioner, he has "pursued his rights diligently by attempting to obtain review in this case with applicable law and/or facts." (Id.) The Supreme Court has held that a petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, Petitioner's "perseverance in researching new case law, without more, cannot provide him with an equitable tolling argument sufficient to toll the statute of limitations." Parchell v. United States, No. 1:11CV192 CDP, 2012 WL 234644, at *1 (E.D. Mo. Jan. 25, 2012). Accordingly, equitable tolling cannot apply to save Petitioner's motion from being dismissed as untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 2:13-cv-55, Docket No. 1; Criminal Action No. 2:00-cr-7-4, Docket No. 1352) be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely. The undersigned further recommends that Petitioner's motions for sentencing transcripts (Docket Nos. 1354 and 1372) be

**DENIED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Warren Jamal Turner.

DATED: July 24, 2014

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE